OPINION
Appellant, Robert J, Price, appeals a judgment of conviction of the Court of Common Pleas of Logan County on one count of escape in violation of R.C. 2921.34, based upon a separate order denying Appellant's motion to dismiss. For the reasons that follow, we affirm the judgment of the trial court.
A pertinent recitation of the facts and procedural history of this case is as follows. On December 31, 1996, Appellant was convicted of two counts of having weapons while under disability in violation of R.C. 2929.13, felonies of the fourth and fifth degree. One count of the offense occurred prior to, and the other count occurred after the effective date of S.B. 2. Appellant was sentenced to consecutive sentences of one and one half years in prison on the pre S.B. 2 offense, and one year in prison on the post S.B. 2 offense.
On January 7, 1999, after serving his full sentence, Appellant was released from prison under post release control with placement through the Adult Parole Authority (APA). Subsequently, Appellant failed to keep scheduled appointments with his parole officer and was generally uncooperative with the APA. As a result, on February 22, 1999, Appellant was charged with violating his post-release control. Appellant was arrested for this violation on June 12, 1999, and on June 13, 1999 he appeared in court to answer to a charge of contempt for failure to appear. After explaining to the court why he failed to appear, he was found not guilty of contempt.
Thereafter, on August 9, 1999, Appellant was indicted on one count of escape in violation of R.C. 2921.34, a third-degree felony. Appellant pled not guilty on August 12, 1999. On September 17, 1999, Appellant filed a motion to dismiss the escape charge. Additionally, in a separate case, Appellant filed for a writ of habeas corpus. These matters came on for hearing on October 18, 1999, and the trial court overruled both motions on October 22, 1999. Appellant then appealed the trial court's denial of his writ of habeas corpus on October 25, 1999.
On October 19, 1999, Appellant changed his plea to no contest on the escape charge and was found guilty by the trial court. On November 22, 1999 the trial court sentenced Appellant to three years in prison on the escape conviction, but stayed execution of sentencing pending appeal. Thereafter, this court reversed the trial court's denial of Appellant's writ of habeas corpus, holding that the statute governing post-release control, R.C. 2967.28, is unconstitutional. See Price v. Henry (March 23, 2000), Logan App. No. 8-99-12, unreported.
Appellant now appeals his judgment of conviction for escape, assigning two errors for our review. Due to their similarity, we will address Appellant's assignments of error together.
Assignment of Error No. 1
 The trial court erred when it denied Appellant's motion to dismiss.
Assignment of Error No. 2
 The Ohio Adult Parole Authority lacked jurisdiction to detain because section 2967.28 is unconstitutional.
 The crux of Appellant's argument stems from this court's decision in Price v. Henry, supra. In Henry, we adopted the reasoning from recent decisions by the Sixth and Eighth District Courts of Appeal in determining that R.C. 2967.28 is unconstitutional. See Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, unreported; State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported. Specifically, we held that R.C. 2967.28 violates the separation of powers doctrine, and the due process clause of both the United States and Ohio Constitutions. In reaching our decision, we stated:
 R.C. 2967.28 mandates that the parole board may for any reason, without judicial scrutiny, impose post-release control on an offender who has served his entire original sentence. The parole board sets the standard of behavior, determines when there has been a violation of that standard, and applies the punishment for such a violation. This quasi-judicial function is not subject to notice, to a hearing, to review, or to any form of judicial scrutiny.
Henry, supra at 2.
Because this court found R.C. 2967.28 to be unconstitutional,Appellant claims that the APA lacked jurisdiction to detain him.Therefore, Appellant argues that he cannot be guilty of escapesince the charge rises from a detention that was void ab initio.
In support of his argument, Appellant raises the affirmative defenses for escape, which are set forth in R.C. 2921.34(B). R.C.2921.34(B) states:
 Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority, is not a defense to a charge under this section if the detention is pursuant to judicial order or in a detention facility. In the case of any other detention, irregularity or lack of jurisdiction is an affirmative defense only if either of the following occurs:
 (1) The escape involved no substantial risk of harm to the person or property of another.
 (2) The detaining authority knew or should have known there was no legal basis or authority for the detention.
 Appellant raised the issue in the trial court in the form of a motion to dismiss. Since the issue herein goes to the statutorily provided affirmative defense, it was not capable of determination without the trial of the general issue, and the trial court properly overruled the motion to dismiss. Crim.R. 12(B).
The law is clear that Appellant has the burden of going forward with evidence of an affirmative defense. R.C. 2901.05(A). Initially, we note that the record demonstrates that Appellant entered a no contest plea to the charge of escape on November 2, 1999, which is an admission of the truth of the facts alleged in the indictment. Crim.R. 11(B)(2). He did not thereafter raise the affirmative defense provided in R.C. 2921.34(B).
Only one week earlier, however, on October 25, 1999, Appellant appealed the trial court's dismissal of his writ of habeas corpus, in which he argued that R.C. 2967.28 was unconstitutional. Essentially, Appellant could have raised the affirmative defense in his trial on the charge of escape and thereby preserved, in this action, the issue of the lack of jurisdiction of the detaining authority. Because he did not raise these affirmative defenses then, he has waived them and cannot raise them now for the first time on appeal. Crim.R. 12(G).
Additionally, assuming, arguendo, that Appellant properly raised the affirmative defense, there is no evidence in the record before us to establish that it is applicable. In addition to establishing that the detaining authority lacked jurisdiction to arrest him, Appellant also needed to prove either that the escape "involved no substantial risk of harm to the person or property of another" or that "the detaining authority knew or should have known there was no legal basis or authority for the detention." He failed to present any evidence on these matters. Without any such evidence in the record, we are unable to review the merits of Appellant's claim. For the reasons set forth above, we hold that Appellant has not sustained his burden of going forward with evidence of an affirmative defense pursuant to R.C. 2901.05(A).
Accordingly Appellant's assignments of error are not well takenand are therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
HADLEY, P.J., and SHAW, J., concur.